[Cite as *State v. Sanders*, 2013-Ohio-2672.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26396 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LATARRIS LAMONT SANDERS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 03 0796 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2013

HENSAL, Judge.

{¶1}  Latarris Sanders appeals his convictions for trafficking in heroin, possession of cocaine, having weapons while under disability, driving under suspension, and endangering children in the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}  In March 2011, police executed a search warrant at 440 East York Street in Akron.  Following the search, the Grand Jury indicted Mr. Sanders for trafficking in heroin, possession of heroin, possession of cocaine, having weapons under disability, possession of criminal tools, driving under suspension, endangering children, and possession of marijuana.  Mr. Sanders moved to suppress the evidence found during the search, arguing that the visiting judge who issued the warrant did not have authority to issue it and that it was not supported by probable cause.  After the trial court denied Mr. Sanders's motion, he pleaded no contest to

several of the charges. The trial court found him guilty of those offenses, and sentenced him to eight years imprisonment. Mr. Sanders has appealed the denial of his motion to suppress, assigning three errors.

## II.

### ASSIGNMENT OF ERROR I

THE SEARCH WARRANT AT ISSUE WAS VOID AB INITIO IN THAT THE WARRANT WAS NOT SIGNED BY A JUDGE OF COMPETENT JURISDICTION.

{¶3} Mr. Sanders argues that the search warrant was void at its inception because it was not signed by any of the six elected Akron Municipal Court judges. The issue raised by Mr. Sanders entails a question of law which we review de novo. *State v. Ross*, 9th Dist. No. 12CA010196, 2012-Ohio-6111, ¶ 7.

{¶4} Regarding search warrants, Revised Code Section 2933.21 provides that "[a] judge of a court of record may, within his jurisdiction, issue warrants to search a house or place[.]" Similarly, Criminal Rule 41(A) provides that "[a] search warrant * * * may be issued by a judge of a court of record to search and seize property located within the court's territorial jurisdiction, upon the request of a prosecuting attorney or a law enforcement officer."

{¶5} The warrant was signed by a retired judge who had been appointed by the Chief Justice of the Ohio Supreme Court to serve as a visiting judge in the Akron Municipal Court from January 2011 to March 2011. None of the court's six elected judges, however, had requested that the visiting judge sit "by assignment" for them on that particular date. Sanders argues, therefore, that the visiting judge lacked authority to issue the warrant and it is void.

{¶6} Mr. Sanders's argument is without merit. In Mr. Sanders's co-defendant's case, this Court noted that "Section 1901.10(B) of the Ohio Revised Code provides that, '[if] the

volume of cases pending in any municipal court necessitates an additional judge, the chief justice of the supreme court * * * may designate a judge of another municipal court or county court to serve for any period of time that the chief justice may prescribe.'" *State v. Nurse*, 9th Dist. No. 26391, 2012-Ohio-6000, ¶ 5, quoting R.C. 1901.10(B); *see also* Sup.R. 17(B)(2) (providing that the chief justice of the Ohio Supreme Court may assign a retired judge "to temporarily serve as a judge on any municipal * * * court." ). Although it is not clear from the record why the Chief Justice assigned the visiting judge who signed the search warrant in this case to serve on the Akron Municipal Court, Section 1901.10(B) establishes that the chief justice may designate a judge to serve in any municipal court for any period of time the chief justice may prescribe. Superintendent Rule 17 also permits the chief justice to assign a retired judge to temporarily serve as a judge in a municipal court. It follows that a judge appointed pursuant to this authority may validly sign a search warrant even if all of the elected judges are active at the time.

{¶7} The police detective who sought the warrant testified that none of the regular municipal court judges were available at the time he contacted the visiting judge. According to the detective, after he prepared the search warrant and an affidavit in support of it, he tried to contact the designated "signing judge." When he was unable to reach the judge, he tried contacting the "felony judge," who was also unavailable. He then went down a list of the other elected Akron Municipal Court judges and attempted to call each of them, but was unable to reach any of them. He, therefore, called the visiting judge, and ended up driving to the judge's house to have the warrant signed.

{¶8} Upon review of the record, we conclude that, consistent with our decision in *Nurse*, the visiting judge who signed the search warrant in this case was a "judge of a court of

record" under Section 2933.21 and Criminal Rule 41(A). *Nurse* at ¶ 6. Mr. Sanders has failed to establish that search warrant was invalid. His first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN REFUSING TO UNSEAL THE SEARCH WARRANT AFFIDAVIT PRIOR TO THE DATE SET FOR TRIAL.

ASSIGNMENT OF ERROR III

THE AFFIDAVIT FAILED TO PROVIDE PROBABLE CAUSE TO SUPPORT ISSUANCE OF THE SEARCH WARRANT.

{¶9} Mr. Sanders argues that the trial court incorrectly ordered the search-warrant affidavit to be held under seal. According to him, his lawyers were not allowed to view the affidavit until after he appealed. He also argues that, having finally seen the affidavit, it does not contain sufficient information for a judge to conclude that there was a fair probability that contraband or evidence of a crime would be found at 440 East York Street.

{¶10} A court issuing a search warrant is required to "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit * * *, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *State v. George*, 45 Ohio St.3d 325 (1989), paragraph one of the syllabus, quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant * * * a reviewing court is simply to ensure that the [trial court] had a substantial basis for concluding that probable cause existed." *George* at paragraph two of the syllabus. "[R]eviewing courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant." *Id.* at 330, citing *Gates*, 462 U.S. at 237, fn. 10.

**{¶11}** Because the detective's affidavit remains sealed, this Court will not discuss the specific facts that were averred in it. Contrary to Mr. Sanders' argument, however, it contains information indicating that Mr. Sanders lived at the York Road residence and was selling drugs from the house. The information comes from more than just law enforcement officer's surveillance of the property.

**{¶12}** Upon review of the affidavit, we conclude that the facts alleged in it gave the visiting judge a substantial basis for concluding that evidence of a crime would be found in the house at 440 East York Street. The trial court, therefore, correctly rejected Mr. Sanders's argument that the affidavit was insufficient to support the issuance of a search warrant. Mr. Sanders's third assignment of error is overruled.

**{¶13}** Regarding Mr. Sander's second assignment of error, we note that he preserved this issue for appeal. In light of our resolution of the merits of Mr. Sanders's objections to the detective's affidavit, however, we conclude that the alleged error was not prejudicial. Crim.R. 52(A). Mr. Sanders's second assignment of error is overruled.

III.

**{¶14}** Mr. Sanders has not established that the trial court incorrectly denied his motion to suppress. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR.


APPEARANCES:

PAUL F. ADAMSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.