[Cite as *State v. Burden*, 2014-Ohio-4456.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

STANLEY S. BURDEN

    Appellant

C.A. No.    27298

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 1995 08 2330

DECISION AND JOURNAL ENTRY

Dated: October 8, 2014

HENSAL, Judge.

{¶1}   Stanley Burden appeals a judgment of the Summit County Court of Common Pleas that denied his motion to dismiss a void sentence and/or judgment order. For the following reasons, this Court affirms.

I.

{¶2}   In 1995, Mr. Burden entered a plea of guilty to one count of rape, and the trial court sentenced him to 10 to 25 years imprisonment. In 1997, the court adjudicated him a sexual predator under former Revised Code Section 2950.09. A day later, it issued a nunc pro tunc order correcting part of its sexual-predator-designation order.

{¶3}   In October 2013, Mr. Burden moved the trial court to dismiss its nunc pro tunc order, arguing that the order had impermissibly modified his sentence. Mr. Burden argued that the trial court did not have authority to use a nunc pro tunc order to impose additional sentencing terms. He also argued that the court could not use a nunc pro tunc order to correct mistakes in its

original judgment entry. He further argued that the trial court misapplied the test for assessing whether he is a sexual predator and that it impermissibly imposed the requirements ex post facto. The trial court denied Mr. Burden's motion, concluding that some of his arguments were barred by res judicata and the others were without merit. Mr. Burden has appealed, assigning three errors.

ASSIGNMENT OF ERROR I

> THE TRIAL COURT COMMITTED PREJUDICE ERROR/PLAIN ERROR WERE (SIC) THE COURT IMPOSED SENTENCE AND OR JUDGMENT THROUGH A NUNC PRO TUNC ORDER CRIM. R. 36 THAT CHANGE[D] AND MODIFIED THE COURT['S] ORIGINAL JUDGMENT ENTRY OF NOV. 18, 1995, THAT RENDERED THE COURT['S] JUDGMENT OF JUNE 12, 1997, VOID [IN] VIOLATION OF THE DEFENDANT['S] UNITED STATES CONSTITUTIONAL RIGHTS 5, 6 AND 14 AMENDMENT.

{¶4} In his first assignment of error, Mr. Burden argues that the trial court improperly used a nunc pro tunc order to modify the sentencing entry it issued in 1995. Mr. Burden is mistaken, however, about which entry the nunc pro tunc order modified. As Mr. Burden has noted, the trial court originally sentenced him in 1995. On June 10, 1997, it held a hearing on whether he is a sexual predator. On June 11, 1997, the court entered an order finding that he is a sexual predator under former Section 2950.09. On June 12, 1997, it issued a nunc pro tunc order to correct a mistake in the order it had entered the previous day. The June 11, 1997, order had mistakenly contained the wrong name in one place. Contrary to Mr. Burden's belief, the nunc pro tunc order did not modify the original sentencing entry. We, therefore, conclude that the trial court did not improperly amend its 1995 sentencing entry through a nunc pro tunc order. Mr. Burden's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PREJUDICE ERROR/PLAIN ERROR CRIM. R. 52 WERE (SIC) THE COURT ADJUDICATED THE DEFENDANT['S] MOTION TO DISMISS A VOID SENTENCE AND OR JUDGMENT FILED JUNE 12, 1997, IS BARRED BY THE DOCTRINE OF RES JUDICATA.

{¶5} In his second assignment of error, Mr. Burden argues that the trial court incorrectly determined that res judicata barred his argument that it incorrectly found that he is a sexual predator. He argues that, because the court's entry is void, res judicata does not apply.

{¶6} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Ohio Supreme Court held that the doctrine of res judicata does not preclude the review of a void sentence. *Id*. at paragraph three of the syllabus. Mr. Burden has not pointed to any precedent, however, that has held that an order that incorrectly adjudicates a defendant a sexual predator is void. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8 ("The *Fischer* rule does not apply to most sentencing challenges."). Rather, we agree with the trial court that, because Mr. Burden could have challenged the trial court's sexual-predator finding on direct appeal, his argument is barred under the doctrine of res judicata. *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus ("[A] final judgment of conviction bars a convicted defendant * * * from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment."). Mr. Burden's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED PREJUDICE ERROR/PLAIN ERROR WERE (SIC) THE COURT HAD NO SUBJECT MATTER JURISDICTION TO CLASSIFY THE DEFENDANT AS A SEXUAL PREDATOR PURSUANT TO R.C. 2950.09-2950.11 VIOLATION OF THE DEFENDANT['S] UNITED STATES CONSTITUTIONAL RIGHT AMENDMENT 14.

{¶7} In his third assignment of error, Mr. Burden argues that the trial court did not have subject-matter jurisdiction to classify him as a sexual predator. "Subject-matter jurisdiction refers to the statutory or constitutional authority to adjudicate a case." *Groveport Madison Local Sch. Bd. of Educ. v. Franklin Cty. Bd. of Revision*, 137 Ohio St.3d 266, 2013-Ohio-4627, ¶ 25. In this case, the trial court acted in accordance with former Section 2950.09(C). That section provided:

> If a person * * * pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender * * * and the court shall proceed in accordance with division (C)(2) of this section
>
> * * * *
>
> If the court determines by clear and convincing evidence that the offender is a sexual predator, it shall enter its determination in the offender's institutional record, shall attach the determination to the offender's sentence, shall specify that the determination was pursuant to division (C) of this section, and shall provide a copy of the determination to the offender, to the prosecuting attorney, and to the department of rehabilitation and correction. The offender and the prosecutor may appeal as a matter of right the judge's determination under this division as to whether the offender is, or is not, a sexual predator.

Upon review of former Section 2950.09(C), we conclude that it specifically gave the trial court authority to determine whether Mr. Burden is a sexual predator. Accordingly, the court did not lack subject-matter jurisdiction to make its finding.

{¶8} Mr. Burden also argues that the trial court violated the constitutional prohibitions on ex post facto laws when it imposed additional reporting and registration requirements on him years after it sentenced him for his crimes. In *State v. Cook*, 83 Ohio St.3d 404 (1998), however,

the Ohio Supreme Court held that "the registration and notification provisions of R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." *Id*. at 423. We, therefore, reject Mr. Burden's argument. *State v. Tester*, 9th Dist. Lorain No. 00CA007569, 2000 WL 1636022, *1 (Nov. 1, 2000) (citing *Cook* in summarily overruling Mr. Tester's argument that the trial court violated the prohibition against retroactive and ex post facto laws when it declared him a sexual predator). Mr. Burden's third assignment of error is overruled.

### III.

{¶9}  The trial court did not err when it denied Mr. Burden's motion to dismiss a void sentence and/or judgment order. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

MOORE, J.
CONCURS.

BELFANCE, P. J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

STANLEY S. BURDEN, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant
Prosecuting Attorney, for Appellee.