[Cite as *State v. Sanders*, 2014-Ohio-5115.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

LATARRIS LAMONT SANDERS

    Appellant

C.A. No.     27189

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CR 11 03 0796(A)

DECISION AND JOURNAL ENTRY

Dated: November 19, 2014

WHITMORE, Judge.

{¶1} Appellant, Latarris Lamont Sanders, appeals from the judgment of the Summit County Court of Common Pleas, denying his motion for resentencing. This Court affirms.

I

{¶2} In March 2012, Sanders pleaded no contest to: (1) trafficking in heroin, (2) possession of cocaine, (3) having weapons while under disability, (4) driving under suspension, and (5) child endangering. The court found Sanders guilty and dismissed the remaining charges at the request of the State. The court merged the two counts of child endangering and sentenced Sanders to a total of eight years in prison. Sanders appealed. *State v. Sanders*, 9th Dist. Summit No. 26396, 2013-Ohio-2672. On appeal, Sanders raised three issues related to the trial court's denial of his motion to suppress. *Id*. at ¶ 2, 3, 9. This Court overruled his assignments of error and affirmed his convictions. *Id*. at ¶ 14.

**{¶3}** In November 2013, Sanders, acting pro se, filed a motion for resentencing. The court denied his request, and Sanders now appeals and raises two assignments of error for our review.

II

Assignment of Error Number One

THE TRIAL COURT RENDERED A VOID SENTENCE WHEN IT FAILED TO MAKE THE REQUIRED FINDINGS PURSUANT TO R.C. 2929.14 OF THE OHIO REVISED CODE PRIOR TO THE IMPOSITION OF CONSECUTIVE SENTENCES[.]

**{¶4}** In his first assignment of error, Sanders argues that his sentence is void because the court failed to make the required statutory findings when imposing his consecutive sentences.

**{¶5}** In general, "[a] void sentence is one that a court imposes despite lacking subject-matter jurisdiction or the authority to act." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 27. The Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute. *See State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8 (challenges to consecutive sentences must be brought on direct appeal). *See also State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177.

**{¶6}** Because the trial court's alleged failure to comply with the consecutive sentencing statute does not render Sanders' sentence void, res judicata applies. *See State v. Burden*, 9th Dist. Summit No. 27298, 2014-Ohio-4456, ¶ 5-6. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Internal quotations and citation omitted.) *State v. Lowe*, 9th Dist. Summit No. 27199, 2014-Ohio-1817, ¶ 6. Sanders could have challenged the trial court's compliance with

the consecutive sentencing statute in his direct appeal. Therefore, his argument is barred by res judicata.

{¶7} Sanders' first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO MERGE APPELLANT'S CONVICTIONS FOR PURPOSES OF SENTENCING IN VIOLATION OF U.S.C.A. CONST. AMEND. 5, AND R.C. 2941.25 OF THE OHIO REVISED CODE[.]

{¶8} In his second assignment of error, Sanders argues that the court erred in failing to merge his convictions because they were allied offenses of similar import.

{¶9} "This Court has held that a trial court's failure to merge allied offenses does not result in a void sentence." *State v. Jones*, 9th Dist. Summit No. 26854, 2013-Ohio-3710, ¶ 7, citing *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8. Because Sanders' sentence is not void and he could have raised his argument in his direct appeal, it is now barred by the doctrine of res judicata. *See Jones* at ¶ 7-8. Sanders' second assignment of error is overruled.

III

{¶10} Sanders' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.


APPEARANCES:

LATARRIS LAMONT SANDERS, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.