[Cite as *State v. Bowshier*, 2016-Ohio-1416.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-53 |
| | : | |
| v. | : | Trial Court Case No. 2005-CR-253 |
| | : | |
| TAYLOR C. BOWSHIER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of April, 2016.

. . . . . . . . . . .

MEGAN FARLEY, Atty. Reg. No. 0088515, Clark County Assistant Prosecuting Attorney, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

JOHN S. PINARD, Atty. Reg. No. 0085567, 120 West Second Street, Suite 603, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} In this case, Defendant-Appellant, Taylor Bowshier, appeals from a trial court judgment overruling his motion for resentencing. Bowshier's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no meritorious issues to pursue on appeal. Counsel raised one potential assignment of error: that the trial judge was required to state certain reasons and findings on the record prior to imposing consecutive sentences.

{¶ 2} In an entry filed on December 22, 2015, we advised Bowshier that his attorney had filed an *Anders* brief. We granted Bowshier 60 days from that date to file a pro se brief, but no pro se brief was filed.

{¶ 3} We also filed an order on February 12, 2016, requiring the record to be supplemented with the presentence investigation report ("PSI") as well as any victim impact statement or other documents considered by the trial court. We were subsequently informed by the trial court that there was no PSI. We, therefore, filed an entry on February 22, 2016, indicating that the matter would proceed accordingly.

{¶ 4} We have independently reviewed the record, including the transcript of the sentencing hearing, pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and we agree with appellate counsel that there are no potentially meritorious issues for review. Accordingly, the judgment of the trial court will be affirmed.


I. Consecutive Sentences

{¶ 5} In April 2005, Taylor Bowshier was indicted on seven counts of trafficking in drugs, with specifications, including firearm specifications, forfeiture specifications, and

specifications that certain of the offenses were committed within 100 feet of a juvenile or within 1,000 feet of a school. Bowshier was also indicted on five counts of possession of criminal tools, two counts of having a weapon under disability, two counts of unlawful transactions in weapons, and two counts of receiving stolen property.

{¶ 6} On September 14, 2005, Bowshier pled guilty to Counts One, Five, Seven, 10, 12, and 14, which involved two first-degree felonies, one second-degree felony, one third-degree felony, one fourth-degree felony, and one fifth degree felony. In exchange for the plea, the State agreed to dismiss the remaining counts. The parties agreed on a fifteen-year prison term, which included imposition of consecutive sentences on some counts. Bowshier was also sentenced to mandatory minimum fines totaling $32,500, and forfeited his interest in a residence and a 1999 Chevrolet Suburban. The judgment entry of conviction was filed on September 21, 2005.

{¶ 7} Bowshier did not appeal from his convictions and sentences. More than eight years later, in October 2013, Bowshier filed a motion to correct an "illegal sentence." Bowshier was represented by counsel in this filing. The motion was based on the trial court's alleged failure to follow statutory mandates for imposing consecutive sentences. After the State filed a reply, the trial court overruled the motion, concluding that the law cited by Bowshier was inapplicable because Bowshier had agreed to his sentence. The entry overruling the motion was filed on December 12, 2013.

{¶ 8} Bowshier did not appeal from the December 2013 judgment. Subsequently, in February 2014, Bowshier filed a pro se motion pointing out a clerical error in the trial court's entry. The court agreed, and on June 13, 2014, filed an entry vacating the part of the entry that contained incorrect language. This entry further indicated that the rest

of the initial entry, which had overruled the motion to correct an illegal sentence, remained in full force and effect. Bowshier did not file an appeal from the June 2014 judgment, either.

{¶ 9} On March 9, 2015, Bowshier filed a pro se motion for resentencing. This motion again raised the argument that the trial court had failed to follow statutory mandates for imposing consecutive sentences. After the trial court overruled the motion, Bowshier filed a notice of appeal on May 22, 2015. As was noted, we appointed counsel for purposes of the appeal, and counsel filed an *Anders* brief, concluding that no potentially meritorious issues existed for review. As was also noted, appellate counsel raised the issue of consecutive sentences. However, counsel indicated this issue lacked arguable merit because agreed sentences are not subject to appellate review.

{¶ 10} We agree that this issue lacks any arguable merit. In *State v. Weese*, 2d Dist. Clark No. 2013-CA-61, 2014-Ohio-3267, we held that:

> Ordinarily, R.C. 2929.14(C)(4) requires certain findings to be made before consecutive sentences can be imposed. However, the Ohio Supreme Court explicitly has held that "[a] sentence imposed upon a defendant is not subject to review under [R.C. 2953.08(D) ] if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *State v. Porterfield,* 106 Ohio St.3d 5, 2005–Ohio–3095, 829 N.E.2d 690, ¶ 25. In addition, the court stated that "[t]he General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. Once a defendant

stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence." *Id.* Therefore, not only were findings unnecessary, but the agreed sentence is not subject to appellate review. Any argument to the contrary lacks arguable merit and would be frivolous.

*Weese* at ¶ 5.

{¶ 11} We note that the Eleventh District has certified a conflict to the Supreme Court of Ohio, based on its disagreement with our decision in *Weese* and the decision of the Fourth District Court of Appeals in *State v. Pulliam*, 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759. *See State v. Sergent*, 2015-Ohio-2603, 38 N.E.3d 461, ¶ 32, (11th Dist.). On September 30, 2015, the Supreme Court of Ohio determined that a conflict exists. *See State v. Sergent*, 143 Ohio St.3d 1476, 2015-Ohio-3958, 38 N.E.3d 898, which asks the parties to brief the following issue:

"In the context of a jointly-recommended sentence, is the trial court required to make consecutive-sentence findings under R.C. 2929.14(C) in order for its sentence to be authorized by law and thus not appealable?"

*Id.*

{¶ 12} We have continued to follow *Weese*, and will do so until the Supreme Court of Ohio indicates otherwise. *See State v. Lambert*, 2d Dist. Clark No. 2015-CA-5, 2015-Ohio-5168, ¶ 27. Therefore, Bowshier's argument is still deemed frivolous in our district.

{¶ 13} We do note that *Sergent* involves different circumstances than the case before us, as the defendant in that case raised the consecutive sentences argument during the course of his direct appeal. *Sergent* at ¶ 7-11. In contrast, the argument that

Bowshier makes about consecutive sentences would be barred, in any event, on res judicata grounds.

{¶ 14} In a similar situation, we considered the defendant's motion for resentencing as a petition for post-conviction relief that was both untimely and barred by res judicata. *See State v. Singleton*, 2d Dist. Montgomery No. 26763, 2016-Ohio-611, ¶ 11-21. *Singleton* contains a detailed discussion of the pertinent principles and why such claims are barred. In the case before us, Bowshier never filed a direct appeal of his convictions and sentences, which occurred more than ten years ago. Bowshier also never appealed the trial court's decision in 2013, which rejected his argument about consecutive sentences.

{¶ 15} Accordingly, " 'res judicata serves to bar any claim that was or could have been raised in the trial court or on direct appeal. To overcome the res judicata bar, the petitioner must produce new evidence that renders the judgment void or voidable, and show that he could not have appealed the claim based upon information contained in the original record.' " *Singleton* at ¶ 34, quoting *State v. Aldridge*, 120 Ohio App.3d 122,151, 697 N.E.2d 228 (2d Dist.1997).

{¶ 16} No such evidence was presented, and even if it had been, Bowshier failed to appeal from his convictions (where he could have raised the issue) and from the prior denial of his motion for resentencing. Again, in this situation, his arguments would be precluded by res judicata. In this regard, *State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, found a defendant's arguments barred, and also rejected his contention that the failure to make required findings under R.C. 2929.14(C)(4) rendered the sentence void. The court of appeals noted that the Supreme Court of Ohio " 'has

declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute.' " *Id.* at ¶ 9, quoting *State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 5, which in turn cites *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 8. The court further observed that "challenges to a sentencing court's judgment as to whether sentences must be served concurrently or consecutively must be presented in a timely direct appeal * * *. Thus, because the trial court's 'alleged failure to comply with the consecutive sentencing statute does not render [the] sentence void, res judicata applies.' " *Id.*, quoting *Sanders* at ¶ 6.

## II.  Conclusion

**{¶ 17}** Because the record fails to reveal any non-frivolous issues regarding whether Bowshier's convictions and sentences were appropriate, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Megan Farley
John S. Pinard

Taylor C. Bowshier
Hon. Douglas M. Rastatter