[Cite as *State v. Lindsey*, 2017-Ohio-331.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2016-04-006 |
| Plaintiff-Appellee, | : | O P I N I O N |
| | : | 1/30/2017 |
| - vs - | : | |
| | : | |
| MATTHEW S. LINDSEY, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20150037


Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, 110 East Court Street, Washington C.H., Ohio 43160, for plaintiff-appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington C.H., Ohio 43160, for defendant-appellant


**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, Matthew S. Lindsey, appeals from the decision of the Fayette County Court of Common Pleas denying his motion to correct his sentence after he pled guilty to charges of burglary and theft. For the reasons outlined below, we affirm.

{¶ 2} On July 30, 2015, Lindsey entered a guilty plea to burglary in violation of R.C. 2911.12(A)(2), a second-degree felony, burglary in violation of R.C. 2911.12(A)(3), a third-

degree felony, and theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony. Thereafter, upon merging the third-degree burglary offense with the second-degree burglary offense at the election of the state, the trial court sentenced Lindsey to an aggregate period of five years in prison to be served consecutively to that of his present term of incarceration. Lindsey did not file a direct appeal challenging either his conviction or sentence.

{¶ 3} Approximately seven months later, on February 24, 2016, Lindsey filed a pro se motion to correct his sentence. In support of this motion, Lindsey argued his sentence was void because the trial court failed to make the required statutory findings in accordance with R.C. 2929.14(C)(4) before ordering his aggregate five-year prison sentence to be served consecutively to that of his present term of incarceration. On April 14, 2016, the trial court summarily denied Lindsey's motion to correct his sentence. Lindsey now appeals from the trial court's decision denying his motion to correct his sentence, raising the following single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED IN SENTENCING DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES.

{¶ 5} In his single assignment of error, Lindsey argues the trial court erred by denying his motion to correct his sentence. We disagree.

{¶ 6} As noted above, Lindsey did not file a direct appeal challenging his conviction or sentence in this matter. As a result, we construe Lindsey's motion to correct his sentence as a petition for postconviction relief as defined by R.C. 2953.21(A)(1)(a). However, although Lindsey filed his petition timely in accordance with R.C. 2953.21(A)(2), because the failure to make the required statutory findings before imposing consecutive sentences does not render a sentence void, *see State v. Fisher*, 12th Dist. Clermont No. CA2015-03-029, 2015-Ohio-4922, ¶ 11, the principles of res judicata apply. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8; *State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 6

- 2 -

("[b]ecause the trial court's alleged failure to comply with the consecutive sentencing statute does not render [appellant's] sentence void, res judicata applies").

{¶ 7} "Under the doctrine of res judicata, a defendant cannot raise an issue in a postconviction petition if he or she raised or could have raised the issue at the trial that resulted in that judgment of conviction or on an appeal from that judgment." *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. Thus, pursuant to the doctrine of res judicata, "a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). This applies to claims alleging the trial court erred in imposing consecutive sentences. *See, e.g., State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶ 8-10 (appellant's motion for resentencing claiming the trial court erred in imposing consecutive sentences was barred by the doctrine of res judicata where appellant did not file a direct appeal but a motion for resentencing after his time to appeal had expired).

{¶ 8} In light of the foregoing, we find no error in the trial court's decision denying Lindsey's motion to correct his sentence, which we construe to be a timely filed petition for postconviction relief, as his claim alleging the trial court erred by ordering his aggregate five-year prison sentence to be served consecutively to that of his present term of incarceration is barred by the doctrine of res judicata. *State v. Wolfe*, 5th Dist. Delaware No. 16CAA020008, 2016-Ohio-4616, ¶ 21-25 (res judicata applied to bar appellant's motion to correct sentence alleging trial court erred by imposing consecutive sentences where claim was not raised in a direct appeal). "A petition for postconviction relief is not a substitute for a direct appeal nor a means of an additional or supplementary direct appeal of a conviction and sentence." *State v. Russell*, 8th Dist. Cuyahoga No. 103604, 2016-Ohio-1230, ¶ 11. Lindsey's single assignment of error is therefore without merit and overruled.

{¶ 9} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.