[Cite as *State v. Scott*, 2018-Ohio-2361.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-10-152 |
| | : | O P I N I O N |
| - vs - | | 6/18/2018 |
| | : | |
| JAMES SCOTT, JR., | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 05 CR 22106

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, OH 45036, for plaintiff-appellee

James Scott, Jr., #A665564, London Correctional Institution, 1580 State Route 56 SW, London, Ohio 43140, pro se

**S. POWELL, P.J.**

{¶ 1} Defendant-appellant, James Scott, Jr., appeals from the decision of the Warren County Court of Common Pleas denying his motion to correct his allegedly void sentence upon finding his request was barred by the doctrine of res judicata. For the reasons outlined below, we affirm.

{¶ 2} On February 25, 2005, the Warren County Grand Jury returned a nine-count

indictment charging Scott with multiple counts of trafficking and possession of cocaine and crack cocaine, four of which carried a major drug offender specification. The matter ultimately proceeded to a two-day jury trial. At trial, evidence was presented indicating local law enforcement officers discovered multiple packages containing over 1,100 grams of cocaine and nearly 450 grams of crack cocaine in Scott's home at the time of his arrest. After the case was submitted to the jury for deliberation, but prior to the jury returning its verdict, Scott absconded. The jury then returned a verdict finding Scott guilty of all nine charged offenses.

{¶ 3} Over six years later, Scott was apprehended and brought before the trial court for sentencing. At sentencing, the trial court sentenced Scott to serve an aggregate 18-year prison term, 12 of those years being mandatory. In imposing that sentence, after merging counts six through eight, the trial court ordered counts two through five, and count nine to run concurrently to one another, with count one running consecutive to all other counts. The trial court also ordered Scott to pay mandatory fines totaling $27,500, suspended Scott's driver's license for a period of five years, and notified Scott that he would be subject to a mandatory five-year postrelease control term.

{¶ 4} Scott then appealed. As part of his appeal, Scott raised three assignments of error for review alleging he received ineffective assistance of counsel, that the trial court erred by denying his Crim.R. 29 motion for acquittal, and that his sentence for count one exceeded the applicable sentencing range for that offense in accordance with 2011 Am.Sub.H.B. No. 86. Finding no merit to any of Scott's three assignments of error, this court affirmed Scott's conviction and sentence in *State v. Scott*, 12th Dist. Warren CA2012-06-052, 2013-Ohio-2866.

{¶ 5} On August 2, 2017, over four years after this court issued our decision affirming Scott's conviction and sentence, Scott filed a motion requesting the trial court

correct his allegedly void sentence. In support of this motion, Scott claimed the trial court erred by failing to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing a consecutive sentence at his sentencing hearing. The trial court denied Scott's motion upon finding his request was barred by the doctrine of res judicata. Scott now appeals from the trial court's decision, raising the following single assignment of error for review.

{¶ 6} TRIAL COURT ERRED BY FAILING TO MAKE THE REQUISITE STATUTORY FINDINGS PURSUANT TO O.R.C. 2929.14(C)(4), PRIOR TO IMPOSING CONSECUTIVE SENTENCING, VIOLATING APPELLANT'S RIGHT OF DUE PROCESS OF LAW, AS GUARANTEED BY THE 5TH AND 14TH AMENDMENT, UNITED STATES CONSTITUTION; SECTION 16, ARTICLE 1, OHIO CONSTITUTION.

{¶ 7} In his single assignment of error, Scott argues the trial court erred by denying his motion to correct his allegedly void sentence, which we construe as a petition for postconviction relief; specifically, Scott argues the trial court erred by failing to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing a consecutive sentence at his sentencing hearing, thereby rendering his sentence void.[1] We disagree.

{¶ 8} Contrary to Scott's claim otherwise, "[t]he Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute." *State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 5, citing *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 8 (challenges to a sentencing court's judgment as to whether sentences must be served concurrently or consecutively must be presented in a timely direct appeal).

---

1. Construing Scott's motion to correct his allegedly void sentence as a petition for postconviction relief, we note that such motion was filed well outside the time requirements found in R.C. 2953.21(A)(2). For purposes of this appeal, however, we will assume Scott's motion was timely filed.

- 3 -

Therefore, because the failure to make the required statutory findings before imposing consecutive sentences does not render a sentence void, the principles of res judicata apply. *State v. Lindsey*, 12th Dist. Fayette No. CA2016-04-006, 2017-Ohio-331, ¶ 6.

{¶ 9} Under the doctrine of res judicata, a defendant cannot raise an issue in a postconviction petition if he or she raised or could have raised the issue before the trial court. *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, ¶ 92. Thus, pursuant to the doctrine of res judicata, "a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997). This applies to claims alleging the trial court erred in imposing consecutive sentences. *See, e.g., State v. Chapin*, 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶ 8-10 (appellant's motion for resentencing claiming the trial court erred in imposing consecutive sentences was barred by the doctrine of res judicata where appellant did not file a direct appeal but a motion for resentencing after his time to appeal had expired).

{¶ 10} In light of the foregoing, we find no error in the trial court's decision denying Scott's motion to correct his allegedly void sentence, which, as noted above, we construe as a petition for postconviction relief, as Scott's claim alleging the trial court erred by failing to make the requisite findings pursuant to R.C. 2929.14(C)(4) prior to imposing a consecutive sentence at his sentencing hearing is barred by the doctrine of res judicata. *State v. Wolfe*, 5th Dist. Delaware No. 16CAA020008, 2016-Ohio-4616, ¶ 21-25 (res judicata applied to bar appellant's motion to correct sentence alleging trial court erred by imposing consecutive sentences where claim was not raised in a direct appeal). "A petition for postconviction relief is not a substitute for a direct appeal nor a means of an additional or supplementary direct appeal of a conviction and sentence." *State v. Russell*, 8th Dist. Cuyahoga No. 103604, 2016-Ohio-1230, ¶ 11. Therefore, because we find no error in the

trial court's decision denying Scott's motion to correct his allegedly void sentence upon finding his request was barred by the doctrine of res judicata, Scott's single assignment of error is without merit and overruled.

{¶ 11} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.