[Cite as *State v. Hall*, **2016-Ohio-909.**]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

JUSTIN LEE HALL

    Appellant

C.A. No.     27942

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 13 02 0584

DECISION AND JOURNAL ENTRY

Dated: March 9, 2016

SCHAFER, Judge.

{¶1} Defendant-Appellant, Justin Hall, appeals the judgment of the Summit County Court of Common Pleas denying his "Motion for Sentencing Hearing Due to Void Sentence." For the reasons set forth below, we affirm.

I.

{¶2} As a result of a plea agreement, Hall pled guilty to one count of vandalism in violation of R.C. 2909.05(B)(2), a fifth-degree felony, and one count of theft in violation of R.C. 2913.02(A)(1), a first-degree misdemeanor. The trial court sentenced Hall to serve 120 days in jail on the theft offense and ordered Hall to complete 18 months community control on the vandalism offense. At the sentencing hearing, the trial court explicitly admonished Hall that any violation of his community control could result in the court imposing a one-year prison sentence on the vandalism count, pursuant to former R.C. 2929.15(B)(1)(c). The trial court then

remanded Hall to jail to begin serving the sentence on the misdemeanor. Hall did not appeal his sentence.

{¶3} Hall subsequently violated his conditions of community control and obtained a new criminal case in 2015, in which he pled guilty to forgery. On March 3, 2015, the trial court sentenced Hall to 12 months in prison on the community control violation and ran that sentence concurrent with the original sentence for the vandalism offense, but imposed no additional sanction on the theft offense as Hall had already completed his jail term for that offense. The trial court also imposed an eight-month prison sentence on the forgery offense and ordered that sentence to be served concurrently with the time for the vandalism/community control violation offenses. Hall did not object at any time during the sentencing hearing and did not appeal his sentence. On August 18, 2015, Hall filed a Motion for Sentencing Hearing Due to Void Sentence. The trial court denied Hall's motion.

{¶4} Hall filed this timely appeal, presenting one assignment of error for this Court's review.

### Assignment of Error

**The trial court erred in refusing to resentence the Appellant whose sentence was void because the trial court ignored the requirements of R.C. 2929.14(C)(4) which mandates that findings of facts must be made by the court when issuing consecutive sentences and because R.C. 2929.41 requires that notice must be given when a trial court[] sentences an individual to consecutive sentences for misdemeanor and felony offenses.**

{¶5} In his sole assignment of error, Hall argues that the trial court erred by denying his "Motion for Sentencing Hearing Due to Void Sentence" because the trial court failed to make the necessary findings and give proper notice prior to imposing consecutive sentences on the vandalism and theft offenses. Thus, Hall argues that his sentence is void. We disagree.

**{¶6}** After a careful review of the record, we are unable to agree with Hall that the trial court imposed consecutive sentences for his theft and vandalism convictions. The trial court's July 5, 2013 sentencing entry is silent as to whether Hall's sentences on the theft and vandalism offenses were to run concurrently or consecutively to one another. Thus, pursuant to R.C. 2929.41, we determine that the trial court ordered Hall's sentences for vandalism and theft to be served concurrently to one another. *See State v. Marbury*, 10th Dist. Franklin No. 03AP-233, 2004-Ohio-3373, ¶ 68 (concluding that a defendant's sentences are presumed to run concurrently as a matter of law if the trial court's sentencing entry is silent as to whether the sentences are to be served consecutively or concurrently). As such, there is no factual underpinning in the record that supports Hall's argument on this point and we determine that that the trial court did not err in denying Hall's "Motion for Sentencing Hearing Due to Void Sentence."

**{¶7}** Even assuming arguendo that the trial court did err by sentencing Hall to serve consecutive sentences without complying with the dictates of R.C. 2929.14(C)(4), Hall's argument would still be barred by the doctrine of res judicata. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Internal quotations and citation omitted.) *State v. Lowe,* 9th Dist. Summit No. 27199, 2014–Ohio–1817, ¶ 6. Hall could have challenged the trial court's compliance with the consecutive sentencing statute in 2013 in his direct appeal, which he failed to undertake. Therefore, his argument is now barred by res judicata. *See State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 5-6 (concluding that a trial court's imposition of consecutive sentences without complying with R.C. 2929.14(C)(4) does not void that sentence and that res judicata applies if the issue is not addressed on direct appeal).

**{¶8}** Accordingly, Hall's assignment of error is overruled.

III.

{¶9} Hall's sole assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
MCGRATH, J.
CONCUR.

(McGrath, J., retired, sitting by assignment pursuant to §6(C), Article IV, Constitution.)

APPEARANCES:

JONATHAN T. SINN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.