[Cite as *State v. Wolfe*, 2016-Ohio-4616.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 16CAA020008 |
| MATTHEW ROBERT WOLFE | : | |
| | : | |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Delaware County
                             Court of Common Pleas, Case No. 12-CR-
                             05-0181

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      June 20, 2016

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

CAROL HAMILTON O'BRIEN               MATTHEW ROBERT WOLFE  PRO SE
Delaware County Prosecutor           Box 5500
By: Douglas N. Dumolt                Chillicothe, OH  45601
Assistant Prosecutor
140 North Sandusky Street
Delaware, OH  43015

*Gwin, P.J.*

**{¶1}** Appellant Matthew Robert Wolfe ["Wolfe"] appeals from the January 20, 2016 Judgment Entry of the Delaware County Court of Common Pleas denying his motion for resentencing.

*Facts and Procedural History*

**{¶2}** On May 18, 2012, Wolfe was indicted for 30 counts relating to his downloading of child pornography in Delaware County via a peer-to-peer file-sharing network. Each count of the indictment returned in this case specifically identified the name of the corresponding pornographic file by name. Moreover, the indictment reflected a separate and distinct date range for the file in question. Each of the nearly 2,000 images of child pornography located on Wolf's computer were separately identified and stored as separate files on Wolf's computer.

**{¶3}** Wolfe entered guilty pleas to six lesser included offenses to those charged in the indictment and was sentenced June 18, 2013. (Sent. T., June 18, 2013 at 3).[1] Wolfe was sentenced, as relevant to this appeal, to thirty months on count one and twenty four months on count two. Those sentences were ordered to be served consecutively. The balance of the charges were dismissed by the state in exchange for Wolfe's agreement to plead in accordance with the *Written Text of Criminal Rule 11(F) Agreement*, filed April 9, 2013.[2]

---

[1] The trial court at sentencing characterized Wolfe's plea as a plea of "guilty." See, also, *Withdraw of Former Pleas of Not Guilty and Written Plea of Guilty to a Lesser Included Offense of Counts One, Two, Fourteen, Seventeen, Eighteen and Twenty of the Indictment,* filed Apr. 9, 2013. *Compare, Judgement Entry on No Contest Plea,* filed Apr. 16, 2013. The transcript of the change of plea hearing was not requested or filed by Wolfe. In any event, we specifically find the confusion does not affect this appeal or our decision.

[2] The Crim. R. 11(F) agreement also specifies that Wolfe "plead guilty."

{¶4} On August 20, 2014, Wolfe filed a motion for judicial release, which the trial court denied without hearing by Judgment Entry filed September 23, 2014.

{¶5} On November 25, 2014, Wolfe filed a motion for judicial release, which the trial court denied without hearing by Judgment Entry filed December 16, 2014.

{¶6} On December 18, 2015, Wolfe filed a motion for judicial release, which the trial court denied without hearing by Judgment Entry filed December 24, 2015.

{¶7} On January 4, 2016, Wolfe filed a motion to correct sentence, which the trial court denied by Judgment Entry filed January 20, 2016.

*Assignments of Error*

{¶8} Wolfe raises five assignments of error,

{¶9} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS MOTION TO CORRECT SENTENCE ON THE GROUNDS THAT THE TRIAL COURT LACKED JURISDICTION OR LEGAL AUTHORITY TO ORDER A NEW SENTENCING HEARING.

{¶10} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO CORRECT SENTENCE ON THE GROUNDS THAT THE TRIAL COURT LACKED THE AUTHORITY TO MODIFY A CRIMINAL SENTENCE ONCE DEFENDANT HAS COMMENCED SERVING HIS SENTENCE.

{¶11} "III. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS MOTION TO CORRECT SENTENCE AS THE RECORD DID NOT SUPPORT THE IMPOSITION OF CONSECUTIVE SENTENCES AS REQUIRED BY STATUTE, RENDERING THE SENTENCE IMPOSED AS CONTRARY TO LAW AND THUS VOID.

**{¶12}** "IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANTS MOTION TO CORRECT SENTENCE AS THE TRIAL COURT FAILED TO NOTIFY DEFENDANT-APPELLANT AT SENTENCING OF HIS RIGHT TO APPEAL PURSUANT TO CRIM.R. 32(B)(2) AND (3), RENDERING THE SENTENCE IMPOSED CONTRARY TO LAW AND THUS VOID.

**{¶13}** "V. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION TO CORRECT SENTENCE AS THE TRIAL COURT FAILED TO RESOLVE ISSUES OF ALLIED OFFENSES OF SIMILAR IMPORT AT SENTENCING, RENDERING THE SENTENCE VOIDABLE."

*Pro se appellants*

**{¶14}** We understand that Wolfe has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. See, also, *State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

**{¶15}** In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980),

citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in Wolf's brief that are outside of the record.

{¶16} In the interests of justice, we shall attempt to consider Wolfe's assignments of error.

## I, II & III.

{¶17} In his first three assignments of error, Wolfe takes issue with the trial court's finding that the trial court did not have jurisdiction or authority to correct his sentence. Wolfe argues the trial court failed to comply with the requirements of R .C. 2929.14(C)(4) in order to impose consecutive terms of imprisonment. Wolfe argues that the trial court's failure to make requisite statutory findings renders his sentence void.

{¶18} In denying Wolfe's motion, the trial court held in part that res judicata barred his claim.

{¶19} "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that

either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist. 1995).

**{¶20}** Wolfe's arguments do not raise any issues that are dependent upon evidence outside the record.

**{¶21}** In the instant case, Wolfe's claim that the sentencing court erred in imposing consecutive sentences could have been raised in a direct appeal from his conviction. *See State v. Adams*, 10th Dist. No. 14AP–623, 2015–Ohio–868, ¶ 8 (defendant's claim that the trial court erred by failing to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences could have been raised in his direct appeal, and thus "any further review of defendant's sentence is barred by res judicata"); *State v. Petitto*, 8th Dist. No. 99893, 2013–Ohio–5435, ¶ 13 (defendant's claim that the trial court imposed consecutive sentences without making appropriate findings "could have and should have been raised in a timely filed appeal" from trial court's sentencing entry, and therefore "this claim is now barred by the doctrine of res judicata"); *State v. Ferrell*, 5th Dist. No. 2013CA00121, 2013–Ohio–5521, ¶ 15 ("Appellant either raised or could have raised arguments regarding the appropriateness of consecutive sentences * * * during his direct appeal. Accordingly, any such argument is barred under the doctrine of res judicata.").

**{¶22}** "The Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute." *State v. Sanders*, 9th Dist. Summit No. 27189, 2014–Ohio–5115, ¶ 5, *citing State v. Holdcroft*, 137 Ohio St.3d 526, 2013–Ohio–5014, ¶ 8 (noting that challenges to a sentencing court's judgment as to whether sentences must be served concurrently or consecutively must be presented in a timely direct appeal). Thus,

because the trial court's "alleged failure to comply with the consecutive sentencing statute does not render [the] sentence void, res judicata applies." Id. at ¶ 6. *Accord, State v. Bowshier,* 2nd Dist. Clark No. 2015-CA-53, 2016-Ohio-1416, ¶16; *State v. Hall,* 9th Dist. Summit No. 27942, 2016-Ohio-909, ¶7; *State v. Chapin,* 10th Dist. Franklin No. 14AP-1003, 2015-Ohio-3013, ¶8.

{¶23} Wolfe's reliance upon *State v. Bonnell* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, is misplaced,

> The Supreme Court of Ohio has specifically held that "[a] subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60(B)." *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, paragraph one of the syllabus. While *Doe* was a civil case, the Supreme Court of Ohio cited it in *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, where the court held that a criminal defendant is not entitled to the retroactive application of new case law. "A new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." Id. at ¶ 6.

*State v. Randlett*, 10th Dist. Franklin Nos. 06AP-1073, 06AP-1074, 06AP-1075, 06AP-1076, 2007-Ohio-3546, ¶14.

{¶24} In the *Written Text of Criminal Rule 11(F) Agreement*, filed April 9, 2013, Wolfe expressly agreed to waive his right to appeal.

An appeal waiver will not apply if: 1) a defendant's guilty plea failed to comply with Fed.R.Crim.P 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law. *See United States v. Portillo-Cano*, 192 F.3d 1246, 1252 (9th Cir. 1999) (Rule 11); *United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995) (judge informed defendant that he retained his right to appeal); *United States v. Bolinger*, 940 F.2d 478, 479-80 (9th Cir.1991) (sentence not in accord with plea agreement); *United States v. Gordon*, 393 F.3d 1044, 1050 (9th Cir. 2004) (illegal sentence).

The only exception that arguably applies to the instant case is the exception for illegal sentences. A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution. *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986)

*United States v. Bibler,* 495 F.3d 621, 624(9th Cir 2007). In other words, a waiver would not preclude a defendant from appealing an unconstitutional or otherwise illegal sentence. *United States v. Johnson,* 992 F.Supp 437, 438-439(D.C. 1997).

**{¶25}** Accordingly, Wolfe could have, but did not, raise his contention that his sentence was void by filing a direct appeal. However, as we have noted, because Wolfe's sentence is not void, res judicata applies.

**{¶26}** The trial court did not err in overruling Wolfe's motion to correct sentence.

**{¶27}** Wolfe's first, second and third assignments of error are overruled in their entirety.

IV.

**{¶28}** In his fourth assignment of error, Wolfe contends that his sentence is void because the trial court did not inform him of his right to appeal.

**{¶29}** In the *Written Text of Criminal Rule 11(F) Agreement*, filed April 9, 2013, Wolfe expressly agreed to waive his right to appeal. This agreement was explained, stated on the record and agreed to by all parties. *See, Judgment Entry on No Contest Plea,* filed April 16, 2013 at 1.

**{¶30}** Wolfe's fourth assignment of error is overruled.

V.

**{¶31}** In his fifth assignment of error, Wolfe maintains that the trial court failed to resolve issues of allied offenses of similar import.

**{¶32}** In the *Written Text of Criminal Rule 11(F) Agreement*, filed April 9, 2013, Wolfe expressly agreed, "The offenses are not offenses of similar import." (Id. at part 5(C)).

**{¶33}** Under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 1995-Ohio-40, 646 N.E.2d 1115(1995) *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359,1994-Ohio-302, 626 N.E.2d 950(1994). *See, also*, *Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943) paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> [t]he law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error,

by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, *quoting State v. Kollar*, 93 Ohio St. 89, 91, 112 N.E. 196(1915).

**{¶34}** Wolfe's fifth assignment of error is overruled.

**{¶35}** The judgment of the Delaware County Court of Common Pleas, Delaware County, Ohio is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur