[Cite as *State v. Schiefer*, 2016-Ohio-8180.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| DANIEL SCHIEFER | Case No. 16-CA-53 |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Licking County Court of Common Pleas, Case No. 14 CR 557 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | December 8, 2016 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| KENNETH OSWALT<br>Licking County Prosecutor's Office<br>20 S. Second St.<br>Newark, Ohio 43055 | DANIEL SCHIEFER, PRO SE<br>#709-756<br>N.C.C.C.<br>P.O. Box 1812<br>Marion, Ohio 43301 |

*Hoffman, J.*

{¶1}    Defendant-appellant Daniel Schiefer appeals the July 5, 2016 Judgment Entry entered by the Licking County Court of Common Pleas denying his motion for resentencing. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2}    On February 13, 2015 Appellant entered a plea of guilty to one count of burglary and was sentenced to two years in prison, the term to run consecutively to Appellant's four year sentence in Knox County Court of Common Pleas on counts of burglary and safe cracking. Appellant did not file a direct appeal from his convictions and sentence.

{¶3}    On May 2, 2016, Appellant filed a motion for resentencing. The trial court, via Judgment Entry of July 5, 2016, denied Appellant's motion.

{¶4}    Appellant appeals, assigning as error,

{¶5}    I. TRIAL COURT ERRED WHEN IT FAILED TO MAKE REQUIRED STATUTORY FINDINGS UNDER 2929.14(C)(4) ON THE RECORD AND JOURNAL ENTRY BEFORE SENTENCING MR. SCHIEFER TO CONSECUTIVE SENTENCES.

{¶6}    II. THE TRIAL COURT ERRED WHEN IT FAILED TO FIND INEFFECTIVE ASSISTANCE OF MR. SCHIEFER'S COUNSEL FOR COUNSEL'S FAILURE TO CONSULT WITH HIM AFTER NOTIFYING COUNSEL HE WISHED TO APPEAL HIS SENTENCE VIOLATING HIS 6TH AMENDMENT CONSTITUTIONAL RIGHTS.

---

[1] A full rendition of the underlying facts is unnecessary for resolution of this appeal.

{¶7}    Preliminarily, we note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part the following:

> (E) Determination and judgment on appeal
>
> The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶8}    One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association,* 11 Ohio App.3d 158 (10th Dist.1983).

{¶9}    This appeal shall be considered in accordance with the aforementioned rules.

I.

{¶10}   Appellant maintains the trial court failed to make the necessary statutory findings required for the imposition of consecutive sentences at the sentencing hearing and in his judgment entry of sentence.

**{¶11}** As set forth above, Appellant did not file a direct appeal from his conviction and sentence herein.

**{¶12}** Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist.1995).

**{¶13}** Appellant's claim the trial court erred in imposing consecutive sentences could have been raised in a direct appeal from his sentence. *State v. Wolfe,* Delaware No. 16CAA020008, 2016-Ohio-4616; *See State v. Adams,* 10th Dist. No. 14AP–623, 2015–Ohio–868, ¶ 8 (defendant's claim that the trial court erred by failing to make the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences could have been raised in his direct appeal, and thus "any further review of defendant's sentence is barred by res judicata"); *State v. Petitto,* 8th Dist. No. 99893, 2013–Ohio–5435, ¶ 13 (defendant's claim that the trial court imposed consecutive sentences without making appropriate findings "could have and should have been raised in a timely filed appeal" from trial court's sentencing entry, and therefore "this claim is now barred by the doctrine of res judicata"); *State v. Ferrell,* 5th Dist. No.2013CA00121, 2013–Ohio–5521, ¶ 15 ("Appellant either raised or could have raised arguments regarding the appropriateness of consecutive sentences * * * during his direct appeal.)

**{¶14}** The Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute. *State v. Sanders,* 9th Dist. Summit No. 27189, 2014–Ohio–5115, ¶ 5, *citing State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, ¶ 8 (noting that challenges to a sentencing court's judgment as to whether sentences must be served concurrently or consecutively must be presented in a timely direct appeal). Thus, because the trial court's "alleged failure to comply with the consecutive sentencing statute does not render [the] sentence void, res judicata applies." *Id.* at ¶ 6. *Accord, State v. Bowshier,* 2nd Dist. Clark No.2015–CA–53, 2016–Ohio–1416, ¶ 16; *State v. Hall,* 9th Dist. Summit No. 27942, 2016–Ohio–909, ¶ 7; *State v. Chapin,* 10th Dist. Franklin No. 14AP–1003, 2015–Ohio–3013, ¶ 8.

**{¶15}** We find Appellant's argument in the first assignment of error concerning the trial court's alleged failure to make the statutory findings prior to imposing consecutive sentences is barred by the doctrine of res judicata.

II.

**{¶16}** Appellant further asserts the trial court erred in denying his motion for resentencing as he was denied the effective of assistance of counsel for counsel's failure to file a direct appeal or to consult with him regarding a direct appeal.

**{¶17}** We find Appellant's motion for resentencing is not the proper procedural mechanism to raise an ineffective assistance of counsel argument of failure to file a direct appeal.

**{¶18}** Accordingly, Appellant's second assignment of error is overruled.

{¶19} The July 5, 2016 Judgment Entry of the Licking County Court of Common Pleas is affirmed.

By: Hoffman, J.

Farmer, P.J.  and

Delaney, J. concur