[Cite as *State v. Steele*, 2017-Ohio-5847.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  |  | JUDGES: |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17 CAA 01 0007 |
| JOSHUA J.M. STEELE | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware County
Court of Common Pleas, Case No. 11 CR I
08 0463

JUDGMENT:                             Affirmed

DATE OF JUDGMENT ENTRY:       July 14, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MARK C. SLEEPER                         JOSHUA J.M. STEELE  PRO SE
Delaware Assistant Prosecuting Attorney  CCI, #A 614-656
140 North Sandusky Street                Box 5500
Delaware, Ohio 43015                     Chillicothe, Ohio  45601

*Gwin, P.J.*

{¶1}    Appellant Joshua Steele appeals the January 17, 2017 judgment entry of the Delaware County Court of Common Pleas denying his verified motion to correct sentence.  Appellee is the State of Ohio.

### Facts & Procedural History

{¶2}    Appellant was indicted in 2011 with five counts of rape, five counts of unlawful sexual conduct with a minor, and two counts of gross sexual imposition.  The victim was appellant's minor cousin.  In 2011, appellant was convicted by a jury of five counts of unlawful sexual conduct with a minor, felonies of the third degree, two counts of rape, felonies of the first degree, and one count of gross sexual imposition (force), a felony of the third degree.  Appellant was found not guilty of three other counts of rape. On October 28, 2011, appellant was sentenced to an aggregate prison term of twenty-two years.

{¶3}    Appellant filed a direct appeal of his conviction and was represented by counsel on appeal.  In *State v. Steele*, 5th Dist. Delaware No. 2011-CA-110, 2012-Ohio-3777, appellant argued: (1) the trial court committed reversible error by denying his Criminal Rule 33 motion for a new trial based upon the State's amendment of the complaint; (2) the trial court committed reversible error by denying appellant's motion for a Rule 29 acquittal; (3) the trial court committed reversible error by denying appellant's motion for a new trial based upon the discovery of new evidence which would have been known at or prior to trial but for a Brady violation by the State of Ohio; and (4) the jury's guilty verdicts were against the manifest weight of the evidence presented at the trial in

this matter.   This Court overruled appellant's assignments of error and affirmed the judgment of the Delaware County Court of Common Pleas. *Id.*

**{¶4}** On November 18, 2016, appellant filed a verified motion to correct sentence.  Appellant argued his sentence was flawed because the sentence should have been a non-mandatory concurrent sentence.   Further, that his prison term included consecutive sentences without the required statutory findings at the sentencing hearing or in the sentencing entry.   Appellant also contends he was not properly advised of his right to appeal.   Appellant argued because of these issues, his sentence is void.   In his motion, appellant requested a de novo sentencing hearing.

**{¶5}** The trial court denied appellant's motion on January 17, 2017.

**{¶6}** Appellant appeals the January 17, 2017 judgment entry of the Delaware County Court of Common Pleas and assigns the following as error:

**{¶7}** "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S VERIFIED MOTION TO CORRECT SENTENCE ALLEGING SENTENCING ERRORS, WITHOUT ANY REAL REVIEW OR HOLDING A HEARING; BY INCORRECTLY RULING THAT THE MOTION WAS NOT WELL TAKEN AND, SEEMINGLY AGREEING WITH THE STATE'S POSITION THAT THESE ERRORS CAN ONLY BE RAISED ON DIRECT APPEAL AND ARE BARRED FROM REVIEW UNDER PRINCIPLES OF RES JUDICATA."

I.

**{¶8}** Appellant contends the trial court erred in denying his motion as the trial court failed to comply with R.C. 2929.14(C) because it did not make the findings required

to support consecutive sentences. Appellant argues because of these alleged deficiencies, his sentence is void and he is entitled to a de novo sentencing hearing.

**{¶9}** In this case, appellant's claim that the sentencing court erred in imposing consecutive sentences could have been raised in his direct appeal. *State v. Wolfe*, 5th Dist. Delaware No. 16 CAA 02008, 2016-Ohio-4616. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

**{¶10}** Alleged errors in consecutive sentencing do not render a sentence void. The Ohio Supreme Court has declined to find sentences void based on the court's failure to comply with certain sentencing statutes, including the consecutive sentencing statute. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.2d 382.

**{¶11}** Because any non-void sentencing errors are required to be raised on direct appeal, appellant is barred by the doctrine of res judicata from raising any alleged errors in any manner other than direct appeal.

**{¶12}** Further, even if we were to consider appellant's argument, we find the trial court complied with R.C. 2929.14(C). In *State v. Bonnell*, the Ohio Supreme Court stated the trial court is required to make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate those findings into its sentencing entry, but it has no obligation to state the reasons to support its findings. 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659.

{¶13} In the journalized sentencing entry issued on October 31, 2011, the trial court found consecutive sentences were necessary to protect the public from future crime or to punish the defendant and consecutive sentences are not disproportionate to the seriousness of the defendant's conduct and to the danger the defendant poses to the community. The trial court further found at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

{¶14} Additionally, at the sentencing hearing on October 28, 2011, the trial court judge stated consecutive sentences are necessary to protect the public from future crime and to punish the offender and consecutive sentences are not disproportionate to the seriousness of defendant's conduct and the danger he poses to the public. Further, the trial court judge stated at the sentencing hearing that at least two offenses committed as part of one or more courses of conduct and the harm caused by two or more multiple offenses was so great or unusual that no single prison term for any offense adequately reflects the seriousness of the offender's conduct.

{¶15} Appellant also contends the trial court erred in not granting his motion because his sentence should have been non-mandatory. We again find appellant's argument is barred by res judicata as appellant's argument could have been raised in his direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶16} Appellant's argument also fails substantively. Two of appellant's convictions were for rape in violation of R.C. 2907.02(A)(2). Pursuant to R.C.

2929.13(F)(2), a prison term is mandatory. This Court has previously recognized the mandatory prison term for rape convictions. *State v. Nian*, 5th Dist. Delaware No. 15 CAA 070052, 2016-Ohio-5146.

{¶17} Appellant next argues the trial court erred in not granting his motion because the trial court, at his sentencing hearing, failed to properly inform him of his right to appeal because the trial court did not tell him he had the right to appeal his sentence if he felt the sentence was contrary to law. First, appellant's argument is barred by res judicata as appellant could have raised this issue in his direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967).

{¶18} Appellant's argument also fails substantively. Criminal Rule 32 provides that after imposing sentence in a serious offense that has gone to trial, the court shall advise the defendant he has a right to appeal the conviction. Further, that if a right to appeal applies, the court shall advise the defendant of all of the following: that if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment; that if defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost; that if defendant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost; and that the defendant has a right to have a notice of appeal timely filed on his behalf.

{¶19} At the sentencing hearing, the trial court advised appellant of his right to appeal; that if he could not afford the cost of an appeal, he was entitled to an appeal without cost; that he was entitled to counsel and documents for an appeal and if he could not afford counsel and documents, either would be provided without cost; and that he was entitled to a timely notice of appeal. The trial court also advised appellant of his right to

appeal and the specific provisions of Criminal Rule 32 in the October 31, 2011 sentencing entry. Criminal Rule 32 does not require the trial court to specifically inform appellant he had the right to appeal his sentence if he felt the sentence was contrary to law.

**{¶20}** Appellant finally contends the trial court erred in not holding a hearing on his verified motion to correct sentence. However, appellant did not request a hearing on his motion. Additionally, based upon our resolution of appellant's arguments above, we find the trial court did not err in not holding a hearing on his motion.

**{¶21}** Based on the foregoing, appellant's assignment of error is overruled. The January 17, 2017 judgment entry of the Delaware County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur