[Cite as *State v. Fields*, 2020-Ohio-2684.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2020-0001 |
| | : | |
| GERALD D. FIELDS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Muskingum County
                                 Court of Common Pleas, Case No.
                                 CR2019-0123

JUDGMENT:                        AFFIRMED

DATE OF JUDGMENT ENTRY:          April 27, 2020

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

DENNIS M. HADDOX                           GERALD D. FIELDS, PRO SE
MUSKINGUM CO. PROSECUTOR                    Noble Correctional Institution
TAYLOR P. BENNINGTON                       15708 McConnelsville Road
27 North Fifth St., P.O. Box 189           Caldwell, OH 43724-8902
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1}   Appellant Gerald D. Fields appeals from the December 30, 2019 Order of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.  Appellant was charged by indictment with a number of drug possession and drug trafficking counts, along with illegal manufacture of drugs (cocaine).  The matter proceeded to trial by jury; appellant was found guilty as charged; and the trial court imposed an aggregate prison term of 10 years.

{¶3}   Appellant filed a direct appeal of his conviction and sentence in 5th Dist. Muskingum No. CT2019-0073, on September 9, 2019.  That appeal remains pending.

{¶4}   On December 18, 2019, appellant filed a petition for post-conviction relief in the trial court.  Appellant made a number of claims in the petition: he received ineffective assistance of trial counsel because counsel should have filed a motion to suppress and a motion in limine to exclude the testimony of a probation officer.  Appellant argues the probation search of his residence was in concert with law enforcement and a pretext to investigate complaints of drug dealing at appellant's residence.  Attached to the petition is a transcript of the testimony of the probation officer.

{¶5}   Appellee responded with a memorandum in opposition.

{¶6}   On December 30, 2019, the trial court overruled the petition for post-conviction relief and request for evidentiary hearing.

{¶7}   Appellant now appeals from the trial court's entry of December 30, 2019.

{¶8}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶9} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ISSUE FINDINGS & CONCLUSIONS ON APPELLANT'S TIMELY PETITION FOR POST-CONVICTION RELIEF."

{¶10} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT HOLDING AN EVIDENTIARY HEARING ON APPELLANT'S PETITION."

**ANALYSIS**

**I., II.**

{¶11} Appellant's two assignments of error are related and will be considered together. Appellant argues the trial court should have issued findings of fact and conclusions of law in response to his petition for post-conviction relief, and should have permitted an evidentiary hearing. We disagree.

{¶12} In his assignments of error, appellant argues the trial court erred in denying his petition for post-conviction relief and in denying his request for an evidentiary hearing. We disagree.

{¶13} The appropriate standard for reviewing a trial court's decision to dismiss a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

{¶14} On appeal, appellant re-asserts his argument before the trial court: the probation officer's testimony should have been suppressed due to alleged improprieties

with the search of appellant's residence. Appellant fails to address the trial court's key finding: his petition for post-conviction relief is not supported by materials outside the record. In fact, appellant submits a transcript of trial testimony in support of his allegation of ineffective assistance of counsel. Appellant does not address if his claims require any materials outside the record, or why the allegations of ineffective assistance cannot be raised in the contemporaneous appeal from his conviction and sentence.

{¶15} A defendant may only seek post-conviction relief for violations of his State and Federal Constitutional rights. Both the United States Constitution and the Ohio Constitution provide for the right to effective assistance of counsel. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate, but for counsel's errors, the result of the trial court would have been different. *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶16} In order for a petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland* test is to be applied. *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The petitioner must therefore prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id.*

{¶17} Finally, and most significantly in the instant case, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999); *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819 (1980).

{¶18} Appellant asserts improprieties with the probation search of his residence. However, he has failed to provide any credible evidence outside of the record to support these contentions. See, *State v. McGee*, 5th Dist. Muskingum No. CT2019-0063, 2019-Ohio-4569, ¶ 19.

{¶19} The Ohio Supreme Court has recognized "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing include: (1) the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief, and (2) the operation of res judicata to bar the constitutional claims raised in the petition. *Id.*; *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994).

{¶20} As discussed supra, appellant has failed to set forth sufficient operative facts to establish substantive grounds for post-conviction relief, thus the trial court did not commit error in overruling appellant's petition without an evidentiary hearing.

{¶21} The portion of transcript attached as appellant's exhibit does not demonstrate appellant set forth sufficient operative facts to establish substantive grounds for relief. Accordingly, the trial court properly denied appellant's petition for post-conviction relief without holding an evidentiary hearing.

{¶22} Based on the foregoing, appellant's assignments of error are overruled.

### CONCLUSION

{¶23} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Gwin, J., concur.