[Cite as *State v. Steele*, 2022-Ohio-712.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOSHUA J. M. Steele, | : | Case No. 21 CAA 11 0061 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                 Court of Common Pleas, Case No.
                                 11 CR I 08 0463

JUDGMENT:                        Affirmed

DATE OF JUDGMENT:                March 10, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MELISSA A. SCHIFFEL                       JOSHUA J.M. STEELE, Pro Se
Delaware County Prosecuting Attorney      Chillicothe Correctional Institution
                                          15802 State Route 104 N
By: LAURA K. KENT                         PO Box 5500
Assistant Prosecuting Attorney            Chillicothe, Ohio 45601
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}   Defendant-appellant Joshua Steele appeals from the November 2, 2021 Judgment Entry of the Delaware County Court of Common Pleas denying his Motion to Correct Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

Appellant was indicted in 2011 on five counts of rape, all violations of Ohio Revised Code Section 2907.02(A)(2), five counts of Unlawful Sexual Conduct with a Minor, all violations of Ohio Revised Code Section 2907.04(A), one count of Gross Sexual Imposition, a violation of Ohio Revised Code Section 2907.05(A)(1), and one count of Gross Sexual Imposition, a violation of Ohio Revised Code Section 2907.05(A)(4). The victim was appellant's minor cousin. In 2011, appellant was convicted by a jury of five counts of unlawful sexual conduct with a minor, felonies of the third degree, two counts of rape, felonies of the first degree, and one count of gross sexual imposition (force), a felony of the third degree. Appellant was found not guilty of three other counts of rape. On October 28, 2011, appellant was sentenced to an aggregate prison term of twenty-two years.

{¶2}   Appellant then appealed. Pursuant to an Opinion filed on August 17, 2012 in *State v. Steele*, 5th Dist. Delaware No. 2011-CAA11-0110, 2012-Ohio-3777, this Court affirmed the judgment of the trial court. The Ohio Supreme Court declined to accept jurisdiction.

{¶3}   On November 18, 2016, appellant filed a Verified Motion to Correct Sentence. Appellant argued, in part, that his sentence was flawed because the sentence should have been a non-mandatory concurrent sentence rather than  a mandatory

consecutive sentence. Appellant argued that his sentence was void. The trial court denied appellant's motion on January 17, 2017.

{¶4} Appellant then appealed. Pursuant to an Opinion filed on July 14, 2017 in *State v. Steele*, 5th Dist. Delaware No. 2017 CAA 01 0007, 2017-Ohio-5847, this Court affirmed the judgment of the trial court. On December 20, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Steele*, 151 Ohio St.3d 1475, 2017-Ohio-9111.

{¶5} On October 29, 2021, appellant filed a Motion to Correct Sentence with the trial court arguing, in part, that he was coerced by his trial counsel to reject a stipulated plea of two years and that the prison terms imposed on him for two rape convictions were not mandatory. The trial court denied appellant's motion on November 2, 2021 both under the doctrine of res judicata and on the merits.

{¶6} Appellant now appeals, raising the following assignments of error on appeal:

{¶7} "I. THE LOWER COURT COMMITTED PREJUDICIAL ERROR IN IGNORING DUE PROCESS AND EQUAL PROTECTION."

{¶8} "II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AAS GUARANTEED UNDER THE SIXTH AMENDMENT."

I

{¶9} Appellant, in his first assignment of error, argues that his sentence is contrary to law. We disagree.

{¶10} In *State v. Perry,* 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), the Ohio Supreme Court stated:

Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.

**{¶11}** In the case sub judice, appellant argued that the prison terms imposed on him for two rape convictions were not mandatory sentences. Appellant raised a challenge to his mandatory sentence in his direct appeal. We concur with the trial court that appellant is now barred by the doctrine of res judicata from challenging his sentence now. Moreover, appellant's argument also fails substantively. As this Court stated in *State v. Steele*, supra. at paragraph 16: "Two of appellant's convictions were for rape in violation of R.C. 2907.02(A)(2). Pursuant to R.C. 2929.13(F)(2), a prison term is mandatory. This Court has previously recognized the mandatory prison term for rape convictions. *State v. Nian*, 5th Dist. Delaware No. 15 CAA 070052, 2016–Ohio–5146." *State v. Steele*, 2017-Ohio-5847, ¶ 16.

**{¶12}** Appellant's first assignment of error is, therefore, overruled.

II

**{¶13}** Appellant, in his second assignment of error, contends that he received ineffective assistance of trial counsel. We disagree.

**{¶14}** To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors

prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

**{¶15}** Appellant specifically maintains that his trial counsel was ineffective in advising him to reject a plea deal that would have resulted in two years of incarceration. With respect to claims of ineffective assistance regarding plea negotiations, we have held that a defendant must demonstrate that (1) he or she was offered a plea agreement; (2) his or her defense counsel provided legally unsound advice by recommending that he reject the offer; (3) he or she would have entered into the agreement but for counsel's unsound advice; (4) the offer would not have been withdrawn; (5) the trial court would have approved the agreement; and (6) the sentence pursuant to the agreement would have been more favorable than the sentence actually imposed by the court. *State v. Thompson*, 2nd Dist. Montgomery No. 27924, 2018-Ohio-4689, 2018 WL 6132298, ¶ 11, citing *Lafler v. Cooper*, 566 U.S. 156, 162-164, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *State v. Royster*, 2nd Dist. Montgomery No. 26378, 2015-Ohio-625, 2015 WL 751663, ¶ 32-33.

**{¶16}** Appellant could have raised this issue in his direct appeal and, therefore, is barred by the doctrine of res judicata from raising such issue now. Moreover, appellant, in the case sub judice, produced no affidavit or other evidence of any type in support of his motion.

**{¶17}** Appellant also argues that his trial counsel fraudulently induced appellant to "appoint" him by exaggerating his experience. Appellant did not raise this issue in his motion in the trial court. That failure operates as a waiver of appellant's right to assert such for the first time on appeal. *Hadley v. Figley*, 5th Dist. Ashland No. 15-COA-001, 2015-Ohio-4600, 46 N.E.3d 1129, ¶ 22. Moreover, as is stated above, appellant produced no evidence of any type in support of his motion. Furthermore, appellant has failed to show that his trial counsel's representation fell below any objective standard of reasonableness.

**{¶18}** Appellant's second assignment of error is, therefore, overruled.

**{¶19}** Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.