[Cite as *State v. Fields*, 2022-Ohio-1431.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| GERALD D. FIELDS | : | Case No. CT 2021-0071 |
| | : | |
| Defendant-Appellant | : | |
| | : | OPINION |

CHARACTER OF PROCEEDING:     Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2019-0123

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     April 28, 2022

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

RONALD WELCH                          GERALD FIELDS, PRO SE
Prosecuting Attorney                     #A765-446
BY: TAYLOR P. BENNINGTON        Noble Correctional Institution
Assistant Prosecutor                     15708 McConnelsville Road
27 North Fifth St., P.O. Box 189        Caldwell, OH 43724-8902
Zanesville, OH 43702-0189

*Gwin, J.,*

**{¶1}** Appellant Gerald Fields appeals the November 24, 2021 judgment entry of the Muskingum County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** In 2019, appellant was indicted on the following charges: possession of drugs (cocaine), a felony of the fifth degree, in violation of R.C. 2925.11(A); possession of drugs (marijuana), a minor misdemeanor, in violation of R.C. 2925.11(A); trafficking in drugs (cocaine) with a forfeiture specification, a felony of the fifth degree, in violation of R.C. 2925.03(A)(2); trafficking in drugs (marijuana), with a forfeiture specification, a felony of the fifth degree, in violation of R.C. 2925.03(A)(2); illegal manufacture of drugs (cocaine), a felony of the second degree, in violation of R.C. 2925.04(A); and possession of drug paraphernalia, a misdemeanor of the fourth degree, in violation of R.C. 2925.14(C)(1).

**{¶3}** In June of 2019, a jury trial commenced. Appellee nolled Count 6 and proceeded on Counts 1 through 5. The jury found appellant guilty on the remaining five counts.

**{¶4}** For purposes of sentencing, the trial court merged Counts 1 and 3 and Counts 2 and 4. Appellee elected to proceed under Counts 3 and 4. The trial court sentenced appellant to twelve (12) months in prison on Count 3, twelve (12) months in prison on Count 4, and eight years in prison on Count 5. The periods of incarceration were ordered to be served consecutively for an aggregate prison sentence of ten (10) years. Additionally, the trial court terminated appellant's post-release control and imposed the balance of the time left to be served.

{¶5} Appellant filed a direct appeal of his conviction and sentence, arguing: (1) ineffective assistance of trial counsel; (2) the trial court committed error by allowing the prosecution to present witness testimony on the details of the investigation of appellant's prior drug offense; (3) the trial court committed error in instructing the jury to consider two counts of trafficking in cocaine, even though he was indicted on one count of trafficking in marijuana and one count of trafficking in cocaine; (4) insufficiency of the evidence; (5) manifest weight of the evidence; and (6) the trial court committed error in sentencing appellant to consecutive sentences.

{¶6} In *State v. Fields*, 5th Dist. Muskingum No. CT2019-0073, 2020-Ohio-3995, we overruled appellant's assignments of error, and affirmed appellant's conviction and sentence. The Ohio Supreme Court did not accept appellant's appeal for review. *State v. Fields,* 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1152.

{¶7} Appellant filed an application to reopen his direct appeal in October of 2020. This Court denied his application via judgment entry on October 27, 2020. Appellant appealed this Court's judgment entry to the Ohio Supreme Court. The Ohio Supreme Court did not accept appellant's appeal for review. *State v. Fields*, 161 Ohio St.3d 1421, 2021-Ohio-254, 161 N.E.3d 716.

{¶8} On December 18, 2019, appellant filed a petition for post-conviction relief. He made a number of claims in the petition, including the argument that he received ineffective assistance of counsel because counsel should have filed a motion to suppress and a motion in limine to exclude the testimony of a probation officer. The trial court denied the motion on December 30, 2019. Appellant appealed the trial court's denial. In *State v. Fields*, 5th Dist. Muskingum No. CT2020-0001, 2020-Ohio-2684, we overruled

appellant's assignments of error.

{¶9} Appellant filed a second petition for post-conviction relief on November 10, 2021. He argued ineffective assistance of counsel and conflict of interest of counsel, alleging one of the witnesses at trial (Misty Roe) was having an intimate relationship with appellant's trial counsel. Appellant contends this conflict of interest caused his trial counsel to fail to object to certain evidence at trial. Appellant attached the affidavit of Misty Roe, allegedly detailing the intimate relationship between herself and appellant's trial counsel. Appellant also argues the State of Ohio committed prosecutorial misconduct in calling the probation officer to the stand.

{¶10} Appellee filed a memorandum in opposition to appellant's second petition for post-conviction relief on November 22, 2021.

{¶11} The trial court issued a judgment entry on November 24, 2021, denying appellant's petition. The trial court found appellant: failed to provide any evidence to support his claims, does not assert the United States Supreme Court has recognized a new federal or state right that applies retroactively to this situation, failed to demonstrate that he was unavoidably prevented from discovering the facts necessary for his claim, and failed to demonstrate that, but for a constitutional error, no reasonable factfinder would have found him guilty. Additionally, the trial court found appellant's arguments are barred by the doctrine of res judicata.

{¶12} Appellant appeals the November 24, 2021 judgment entry of the Muskingum County Court of Common Pleas, and assigns the following as error:

{¶13} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ABUSED ITS DISCRETION DURING THE DENIAL OF POST-CONVICTION RELIEF."

I.

{¶14} Appellant contends the trial court abused its discretion in denying his petition.  He argues he was unavoidably prevented from discovering the facts necessary for his claim and that his claims should not be barred by the doctrine of res judicata.

{¶15} R.C. 2953.23 governs successive petitions for post-conviction relief and provides a "court may not entertain a * * * second petition or successive petitions for similar relief * * * unless" both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the * * * filing of an earlier petition, the United States Supreme Court recognized a new federal right or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶16} In reviewing appellant's petition, we find appellant did not satisfy the requirements of R.C. 2953.23. As to appellant's claim of prosecutorial misconduct, he presents no evidence outside the record to support this contention and instead focuses on what happened during the trial. *State v. McGee*, 5th Dist. Muskingum No. CT2019-0063, 2019-Ohio-4569. There is no evidence that appellant was unavoidably prevented from discovering the facts necessary for his claim since his argument focuses on trial testimony.

{¶17} As to appellant's argument regarding ineffective assistance of counsel and conflict of interest of his counsel, appellant argues Roe's affidavit and accompanying text messages are the "new evidence" he could not obtain prior to his direct appeal. However, appellant admits in his petition that "he had text messages supporting claims his counsel labored under a conflict-of-interest" prior to his direct appeal. Additionally, appellant states in his petition that Roe "shared the details of her and [trial counsel's] relationship during trial in this case." Since this evidence and information was available to him during trial, appellant is unable to demonstrate that he was unavoidably prevented from discovering the facts necessary for this claim.

{¶18} Appellant also failed to demonstrate that, but for constitutional error at trial, no reasonable factfinder would have found him guilty.

{¶19} We further find that appellant's petition is barred by the doctrine of res judicata. Pursuant to the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised on direct appeal from that judgment.

*State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Further, "[i]t is well-settled that, 'pursuant to res judicata, a defendant cannot raise an issue in a [petition] for postconviction relief if he or she could have raised the issue on direct appeal.'" *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, quoting *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997). Res judicata also implicitly prohibits a defendant from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Wolfe*, 5th Dist. Delaware No. 16CAA02008, 2016-Ohio-4616.

{¶20} Appellant's argument concerning the testimony of his probation officer could have been made in his direct appeal. Further, appellant did raise ineffective assistance of trial counsel in his direct appeal, his application to reopen direct appeal, and first post-conviction petition. Accordingly, his arguments are barred by res judicata.

{¶21} Based on the foregoing, appellant's assignment of error is overruled.

{¶22}   The November 24, 2021 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, J.,

Wise, Earle, P.J., and

Hoffman, J., concur

.